**SARAH BASTIAN, Plaintiff**

v.

**GABRIEL RIVERA GARCIA, MARTHA MONELL GARCIA, and FIRST PENNSYLVANIA BANK, Defendants**

Civil No. 1977-147

District Court of the Virgin Islands

Div. of St. Croix

January 28, 1981

DEREK M. HODGE, ESQ. (HODGE, SHEEN, HODGE & MILLER), Christiansted, St. Croix, V.I., *for plaintiff*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for defendants Garcia*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

This cause came on to be heard on January 5, 1981, before the Court sitting without a jury. The plaintiff appeared in her proper person and with her attorneys Hodge, Sheen, Hodge & Miller (Derek M. Hodge, Esq., of counsel). Defendants appeared in their proper persons and with counsel Edward J. Ocean, Esq. The Court having heard and considered the evidence adduced, rendered findings of fact and conclusions of law from the bench, reserving for later resolution, however, certain legal issues on which the parties were directed to submit briefs.[1] After reviewing the written submissions of plaintiff and defendants, the Court has determined that judgment should be entered in favor of the plaintiff Sarah Bastian, as more fully set forth below.

On June 3, 1974, the plaintiff was injured as a result of a motor vehicle collision in which an automobile driven by defendant Gabriel Garcia was involved. At the time of the accident, Gabriel Garcia was the sole owner of plots 121M, 25AC, and 25BC, Estate Whim, St. Croix, Virgin Islands. However, in anticipation of an action for damages being filed against him by the plaintiff, Gabriel Garcia, on August 27, 1974, conveyed the subject properties to himself and his wife, Martha Garcia, as tenants by the entireties.

The plaintiff commenced the foreseen law suit against defendant Gabriel Garcia on October 25, 1974, and on November 15, 1976, a jury returned a verdict in favor of the plaintiff in the sum of $239,936.31.

Subsequent to the entry of the verdict, the plaintiff commenced this action against the defendants to set aside the conveyances as constituting a fraud against creditors. The Court granted a motion for summary judgment in favor of the plaintiff as to plot 121M, but found that a hearing was necessary to determine the validity of the defendants' allegations that the conveyance of plots 25AC and BC was merely the fulfillment of a trust which had been in existence since the purchase of the property. At the hearing held on January 5, 1981, the Court ruled that there had never been a trust, that the property in question had been conveyed solely to Gabriel Garcia, and that the conveyance of the property on August 27, 1974, had been made with the intent to protect the property against the possibility of an adverse judgment and a writ of execution issued thereon.

---

[1] First Pennsylvania Bank had been joined as a party defendant as mortgagee of record. The mortgage was liquidated during the pendency of this suit and the bank is no longer involved.

The Court reserved ruling as to whether the conveyance was fraudulent as a matter of law, but does so conclude at this time.

The Virgin Islands has adopted the Uniform Fraudulent Conveyance Act. 28 V.I.C. § 201 et seq. The provision pertinent to the instant litigation is found at 28 V.I.C. § 206. It reads:

> *Conveyances by a person about to incur debts*
>
> Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

■■ The defendant Gabriel Garcia made a fraudulent conveyance under the terms of that statute. It is clear that the plaintiff was a "future creditor" at the time defendant made the conveyances at issue, as a "creditor" is defined in 28 V.I.C. § 201 as "a person having any *claim*, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or *contingent*". It is equally manifest that the plaintiff had a *claim* to money from the defendant *contingent* on the outcome of any law suit that could be filed against the defendant for the injuries the plaintiff had allegedly incurred due to defendant's negligence prior to the conveyances.

■ As the Court found at the close of the January 5th hearing, the only purpose for the conveyances at issue was to protect the property from any possible judgment that might be entered against the defendant. There also was no "fair consideration" given for the conveyances as the only recital in the deed in that regard was "love and affection". Thus, as a matter of law, the conveyances at issue were fraudulent as to the plaintiff, a judgment creditor, and must be set aside. 28 V.I.C. § 206.

The plaintiff will submit a proposed judgment consistent with all the foregoing.